UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 13-025-DCR |
| V. | ) | |
| BILLY JEROME SHEPHERD, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

As this Court has explained previously, Defendant Billy Shepherd was originally sentenced on January 8, 2015, to a total term of imprisonment of 320 months, with six years of supervised release. [Record Nos. 237, 327] Following a direct appeal and remand for re-sentencing, the original judgment was amended on October 7, 2016, and Shepherd's sentence was reduced to a total term of imprisonment of 142 months. [Record No. 294] This sentence represented a 71-month variance above his newly calculated range of incarceration under the United States Sentencing Guidelines. Shepherd appealed, but on June 6, 2017, the United States Court of Appeals for the Sixth Circuit affirmed the new sentence. [Record No. 320] Shepherd did not seek further appellate review of his revised sentence and the mandate was issued by the Sixth Circuit on June 29, 2017.

Shepherd later complained in various letters that the Bureau of Prisons was not properly crediting him with all jail time for which he believed he was entitled to receive. His letters were docketed as motions, but the requested relief was denied. [Record Nos. 327 and 333]

On this date, the Clerk has filed another *pro se* motion from Shepherd. His current pleading seeks a reduction of the sentence previously imposed under 18 U.S.C. § 3582(c)(2). [Record No. 337] According to Shepherd, this relief is appropriate because, prior to his re-sentencing hearing, the United States Sentencing Commission reduced the guideline range of imprisonment for the quantity of drugs attributed to him. He contends that, if this "fact" had been known before the last sentencing hearing, he would have received a lesser term of imprisonment.

Shepherd is wrong for two reasons. First, after calculating the guideline range following remand of the original sentence, the Court determined that the range was insufficient to meet all statutory sentencing factors of 18 U.S.C. § 3553(a). As a result, the undersigned imposed a term of incarceration of 142 months. This was found to be the shortest period of incarceration needed to meet all goals of sentencing. Thus, the defendant was sentenced *via* a variance from the guideline range because the non-binding range was wholly insufficient. The Sixth Circuit affirmed this determination on appeal. [Record No. 320] *See Koons v. United States*, -- U. S. --, 138 S. Ct. 1783 (2018) (Holding that, where the district court discards the advisory guideline range and imposes a departure under Section 5K1.1 of the United States Sentencing Guidelines, the defendants' sentences were not "based on" a sentencing range later lowered by the Sentencing Commission. Thus, the defendants were not eligible for relief under 18 U.S.C. § 3582(c)(2).).

Second, the guideline range for the term of incarceration applied at the time Shepherd was re-sentenced in October 2016 following remand is *exactly the same range* that would be applied if Shepherd were sentenced today. As outlined in Shepherd's most recent Presentence Investigation Report ("PSR") at paragraph 41, Shepherd's Base Offense Level was determined

to be 16 based on the quantity of heroin attributed to him (*i.e.*, 21.950 grams). [Record No. 303] And the Current guideline manual (effective November 1, 2016) also provides for a Base Offense Level of 16 for between 20 and 40 grams of heroin. Thus, since he was re-sentenced, the Sentencing Commission has not taken any action to reduce the penalty for the drugs attributed to Shepherd and 18 U.S.C. § 3582(c)(2) is inapplicable to him.

Accordingly, it is hereby

**ORDERED** that Defendant Shepherd's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 337] is **DENIED**.

Dated: August 13, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge